UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HEATHER GILBERT,            :

    Plaintiff          :    CIVIL ACTION NO. 1:21-1493

v.                          :    (JUDGE MANNION)

KILOLO KIJAKAZI[1]           :
Acting Commissioner of
Social Security,            :

    Defendant         :

## O R D E R

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson, which recommends that the decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") be affirmed and the plaintiff's appeal be denied. (Doc. 16). No objections have been filed to the report and recommendation.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error

---

[1] Pursuant to Fed.R.Civ.P. 25(d), Kilolo Kijakazi, the current Acting Commissioner of Social Security is substituted for former Commissioner of Social Security Andrew Saul as the named defendant in this action.

on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also <u>Univac Dental Co. v. Dentsply Intern., Inc.</u>, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In considering the plaintiff's appeal of the Commissioner's decision denying her claim for DIB, Judge Carlson determined that substantial evidence supports the Commissioner's decision that the plaintiff is not entirely disabled. Specifically, Judge Carlson found that the clinical and opinion evidence of record both support the ALJ's assessment that the plaintiff's migraines and symptoms are not entirely disabling. In fact, the plaintiff's primary care physicians had cleared her for work shortly after the injury which she claims rendered her disabled, and the record shows a consensus among state agency experts and consulting and examining physicians that the plaintiff retains the ability to perform some work activity. Given the relatively benign medical evidence of record, the ALJ formed a

residual functional capacity ("RFC") assessment which took the plaintiff's only established impairments into account. In doing so, Judge Carlson found the ALJ comported with the dictates of case law in that the ALJ offered a valid explanation for the RFC which is supported by the clinical and medical evidence of record. Given this, and under the deferential standard of review that applies in Social Security disability cases, Judge Carlson determined that the Commissioner's decision denying the plaintiff DIB should be affirmed.

In addition to her merits challenge, the plaintiff argued that remand is warranted on the basis that the ALJ's authority was constitutionally defective, in that the ALJ derives his power from the Commissioner and the Commissioner was not constitutionally appointed because the removal clause violates separation of powers. Having reviewed the current state of the law on the matter, Judge Carlson determined that a plaintiff must provide more than a generalized assertion that the unconstitutionality of the removal clause requires remand. Instead, a plaintiff must demonstrate that the removal structure itself caused her harm, which the plaintiff in this case did not demonstrate. Judge Carlson found that the plaintiff failed to point to any changes in the regulations or updated guidance that would have benefitted her had the Acting Commissioner been appointed earlier and she has

therefore not established any compensable harm. As such, Judge Carlson finds that the plaintiff's removal provision concerns do not warrant a remand in this case.

Upon review of Judge Carlson's report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Carlson to his conclusions. As such, the court will adopt the report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Carlson **(Doc. 16)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The decision of the Commissioner of Social Security denying the plaintiff's claim for DIB benefits under the Act is **AFFIRMED** and the plaintiff's appeal **(Doc. 1)** is **DENIED**.

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

MALACHY E. MANNION
United States District Judge

**DATE: December 14, 2022**
21-1493-01